UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DaQUAN HERRON,

           Plaintiff,           Case No. 1:09-cv-1

v.                                     Honorable Paul L. Maloney

UNKNOWN FOCKLER et al.,

           Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Moyer. The Court will serve the complaint against Defendants Fockler and Bennickson.

**Discussion**

    I.    Factual allegations

Plaintiff is incarcerated in the St. Louis Correctional Facility, but the allegations giving rise to his complaint occurred at the Bellamy Creek Correctional Facility (IBC). In his *pro se* complaint, Plaintiff sues IBC Corrections Officers (unknown) Fockler, (unknown) Moyer and (unknown) Bennickson.

Plaintiff claims that on the evening of August 7, 2008, he was waiting to be strip searched after a visit when Officer Moyer approached him and said, "When you die, your [sic] going to hell." (Plaintiff's Aff., docket #1.) Officer Faulkner then told Plaintiff, "You just made some enemies and were [sic] going to make your stay here hard." *Id.* Plaintiff alleges that Faulkner then took his family photos, threw them in a puddle of water and stepped on them. Faulkner then demanded that Plaintiff submit to a shakedown. Plaintiff alleges that Faulkner became very aggressive during the shakedown and slapped Plaintiff's genitals, causing him severe pain.

When Plaintiff went to evening chow the following day, he claims that Officers Faulkner and Bennickson stopped him three times for shakedowns. He alleges that during two of the searches, the officers again slapped his genitals hard enough to cause him severe pain. Plaintiff claims that Faulkner repeated that they were going to make his stay at IBC hard. When Plaintiff returned to his housing unit, he was placed in the card room for about ten minutes. He then was removed from the card room and strip searched. Plaintiff alleges that after the search, he spent two hours in the card room while three non-unit officers trashed his cell. When Plaintiff returned to his cell, he was ordered to pack his belongings and move to another housing unit.

Plaintiff claims that he did not attend evening chow from August 9 though 12, 2008, because he feared for his safety. On the afternoon of August 11, Officer Faulker allegedly said to Plaintiff, "I'll be waiting for your black ass at chow." (Plaintiff's Aff., docket #1.) As a result of Faulkner's threat, Plaintiff did not go to evening chow. On August 12, 2008, Plaintiff requested to be placed in segregation in order to escape the abuse being inflicted upon him by Defendants.

Plaintiff seeks compensatory and punitive damages of $150,000 against each of the Defendants for assault, harassment and emotional distress.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v.* Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The standard requires that a "complaint must contain either direct or inferential allegations repecting all the material elements to sustain a recovery under some viable legal theory." *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2001). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombley*, 127 S. Ct. at 1965; *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (holding that a court need not accept as true legal conclusions or unwarranted factual inferences). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *see also United States v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008); *United States ex rel. Bledsoe v. Comty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A. **Defendant Moyer**

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

With regard to Defendant Moyer, Plaintiff claims only that she verbally harassed him by saying that he was going to go to hell. Use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *See Ivey*, 832 F.2d at 954-55; *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004)

(harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds,* No. No. 02-6366, 2003 WL 22097827, at *3 (6th Cir. Sept. 5, 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997) (verbal harassment is insufficient to state a claim); *Murray v. United States Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) ("Although we do not condone the alleged statements, the Eighth Amendment does not afford us the power to correct every action, statement or attitude of a prison official with which we might disagree."); *Clark v. Turner*, No. 96-3265, 1996 WL 721798, at *2 (6th Cir. Dec. 13, 1996) ("Verbal harassment and idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights."); *Brown v. Toombs*, No. 92-1756, 1993 WL 11882 (6th Cir. Jan. 21, 1993) ("Brown's allegation that a corrections officer used derogatory language and insulting racial epithets is insufficient to support his claim under the Eighth Amendment."). Accordingly, Plaintiff fails to state an Eighth Amendment claim against Defendant Moyer arising from his alleged verbal abuse.

Further, Plaintiff's claim for emotional injuries is barred by 42 U.S.C. § 1997e(e), which precludes any claim by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Id. See also Hardin-Bey v. Rutter*, 524 F.3d 789, 795-96 (6th Cir. 2008); *Taylor v. United States*, 161 F. App'x 483, 486-87 (6th Cir. 2007); *Jarriett v. Wilson*, 162 F. App'x 394, 400 (6th Cir. 2005); *Oliver v. Sundquist*, No. 00-6372, 2001 WL 669994, at *1 (6th Cir. June 7, 2001); *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000). Plaintiff alleges no physical injury resulting from the alleged verbal harassment. As a consequence, he cannot maintain a claim for emotional damages against Defendant Moyer.

B. **Defendants Fockler and Bennickson**

Plaintiff has made sufficient allegations to state a claim against Defendants Fockler and Bennickson.  Consequently, the Court will order service of the complaint against them.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendant Moyer will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendants Fockler and Bennickson.

An Order consistent with this Opinion will be entered.


Dated:  February 17, 2009                    /s/ Paul L. Maloney
                                             Paul L. Maloney
                                             Chief United States District Judge