UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DaQUAN HERRON,   )
                 )
       Plaintiff,)   Case No. 1:09-cv-1
                 )
v.               )   Honorable Paul L. Maloney
                 )
CHIP FOCKLER, et al., )   **REPORT AND RECOMMENDATION**
                 )
       Defendants.)
_____)

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Plaintiff is currently a resident of Pontiac, Michigan. (docket # 31). His complaint concerns conditions of his confinement in August 2008 at the Bellamy Creek Correctional Facility (IBC). The defendants are IBC Corrections Officers Chip Fockler and Matt Bennickson. Plaintiff alleges that on August 7, 2008, defendant Fockler subjected him to an aggressive search and damaged his photographs. Further, he alleges that on August 8, 2008, both defendants subjected him to aggressive searches as he was preparing to enter the prison's dining hall. He sues defendants in their individual and official capacities and seeks an award of monetary damages.

The matter is now before the court on defendants' motion for summary judgment. (docket # 17). The court entered an order on June 2, 2009, advising plaintiff of his opportunity to submit affidavits, documents, or other materials in response to defendants' motion on or before July 1, 2009. (docket # 20). Plaintiff's response (docket #s 29, 30)[1] did not include evidence supporting

---

[1] It is well established that statements appearing in a party's brief are not evidence. *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006). Plaintiff states, "I have several witnesses to these

his claims. For the reasons stated herein, I recommend that defendants' motion for summary judgment be granted. An order implementing this recommendation should be entered. I further recommend that the court enter a separate and final judgment in favor of defendants on all plaintiff's claims.

**Applicable Standards**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Synbrandt v. Home Depot U.S.A., Inc.*, 560 F.3d 553, 557 (6th Cir. 2009). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see Cady v. Arenac County*, 574 F.3d 334, 339 (6th Cir. 2009). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating"

---

incidents, whose affidavits I am waiting to receive. (Plf. Brief at 2, docket # 30). Defendants' motion for summary judgment has been pending for a year, providing plaintiff with a more than adequate opportunity to submit affidavits in support of his claims.

the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Reed v. International Union, United Aerospace & Agric. Implement Workers of Am.*, 569 F.3d 576, 579 (6th Cir. 2009).

**Proposed Findings of Fact**

The following facts are beyond genuine issue. On August 7 and 8, 2008, plaintiff was an inmate at the Bellamy Creek Correctional Facility (IBC). Chip Fockler and Matt Bennickson are IBC corrections officers employed by the State of Michigan. On August 7, 2008, plaintiff had a prison visitor. (docket # 18, Ex. A-5). According to plaintiff, defendant Fockler took photographs that plaintiff had obtained from the visitor and threw them into a puddle of water and stepped on them. (docket # 1, p. 2, ¶ II).[2] Plaintiff states that defendant Fockler conducted an aggressive search

---

[2]The portions of plaintiff's verified complaint satisfying the requirements of Rule 56(e) of the Federal Rules of Civil Procedure are considered herein as his affidavit in opposition to defendants' motion for summary judgment. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008); *Weberg v. Franks*, 229 F.3d 514, 526 n.13 (6th Cir. 2000). Plaintiff's statement of facts is verified

-3-

during which plaintiff's genitals were slapped, causing him pain. There is no evidence that plaintiff suffered injury or sought medical attention. Michigan Department of Corrections (MDOC) records for August 7, 2008, show that defendant Fockler was assigned to radio #103 and that he worked in IBC's Big Yard. Prison records indicate that plaintiff was not among the prisoners defendant Fockler searched on August 7, 2008. (Fockler Aff. ¶¶ 5, 12 and Attachment A-1).

Plaintiff states that while he was preparing to enter IBC's dining hall on the afternoon of August 8, 2008, he was subjected to searches by defendants Fockler and Bennickson. He states that during these searches his genitals were contacted with enough force to cause him pain. Again, there is no evidence that plaintiff suffered injury or sought medical attention. MDOC records reveal that on August 8, 2008, Officer Fockler was assigned to radio # 101 and posted outside IBC's kitchen monitoring the movement of prisoners as they were leaving the prison's dining hall. Fockler states that he did not search or have any physical contact with plaintiff. (Fockler Aff. ¶¶ 5, 9, 13 and Attachment A-1). Twice a week, defendant Bennickson monitored IBC's dining hall during meal times. Corrections officers perform random shakedowns searching for contraband on prisoners entering the prison's dining hall. There is no record of plaintiff being searched by defendant

---

under penalty of perjury. However, his conclusory allegation that he was assaulted does not suffice at the summary judgment stage. Legal conclusions, whether asserted by a party in an affidavit or verified complaint, do not suffice to create a genuine issue of material fact for trial. *See Doe v. Magoffin County Fiscal Ct.*, 174 F. App'x 962, 966 (6th Cir. 2006). Plaintiff's "affidavit of events" (docket # 1, attachment) is not signed under penalty of perjury. It does not independently satisfy the requirements for an affidavit or unsworn declaration. *See* FED. R. CIV. P. 56(e); 28 U.S.C. § 1746; *see also Counts v. Kraton Polymers, U.S., LLC*, 260 F. App'x 825, 829 (6th Cir. 2008); *Hart v. Lutz*, 102 F. App'x 10, 13 (6th Cir. 2004). However, for present purposes, I assume that plaintiff intended to incorporate his "affidavit of events" into the portion of his complaint that he verified under penalty of perjury.

Bennickson or any other corrections officer on August 8, 2008. (Bennickson Aff. ¶¶ 3-8 and Attachment B-1; Fockler Aff. ¶¶ 9, 13 and Attachment A-1). Plaintiff filed his complaint on December 22, 2008.

## Discussion

1. Eleventh Amendment Immunity

Plaintiff's claims for damages against defendants in their official capacities are barred by Eleventh Amendment immunity. Eleventh Amendment immunity is a threshold issue that should be raised and decided by the trial court. *See Nair v. Oakland County Cmty. Mental Health Auth.*, 443 F.3d 469, 474 (6th Cir. 2006). A suit against a state officer in his official capacity is simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010). The Eleventh Amendment generally[3] bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Cady v. Arenac County*, 574 F.3d 334, 344-45 (6th Cir. 2009). The State of Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). Furthermore, States and their departments are not "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. at 71. Defendants are entitled to judgment in their favor as a matter of law on plaintiff's claims for monetary damages against defendants in their official capacities.

---

[3] The well-recognized exception to the general rule is an action for prospective, non-monetary relief such as an injunction against a state officer in his or her official capacity based upon a claim that the state officer's action is unconstitutional. *See Ex Parte Young*, 209 U.S. 123 (1908); *see also Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005)(*en banc*).

2. <u>Excessive Force</u>

As a prisoner incarcerated under a criminal conviction, plaintiff's principal substantive rights are guaranteed by the Cruel and Unusual Punishments Clause of the Eighth Amendment. *See Ingraham v. Wright*, 430 U.S. 651, 664 (1977). The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of crimes. To establish a violation of the Eighth Amendment's Cruel and Unusual Punishments Clause, the offending conduct must reflect an unnecessary and wanton infliction of pain. *See Ingraham*, 430 U.S. at 670. "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause the core judicial inquiry is that set out in *Whitley [v. Albers*, 475 U.S. 312, 320-21 (1986)]: whether the force was applied as a good faith effort to maintain or restore discipline, or maliciously or sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *see Wilkinson v. Gaddy*, 130 S. Ct. 1175, 1178 (2010). Plaintiff must satisfy both an objective and subjective test to establish a viable Eighth Amendment claim. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991). Plaintiff has not presented evidence on which a reasonable trier of fact could find in his favor on either component of his Eighth Amendment claims against defendants.

To meet the objective component, the prisoner must be subjected to a serious deprivation. *Wilson*, 501 U.S. at 298. The federal courts recognize that an Eighth Amendment claim based on the excessive use of force must allege more than a simple assault and battery. *See, e.g., Leary v. Livingston County*, 528 F.3d 438, 445 (6th Cir. 2008); *Pruitt v. Hatchett*, 292 F. App'x 408, 409 (5th Cir. 2008). To be sure, under *Hudson v. McMillian*, guards may not inflict an unjustified beating upon a prisoner and then seek to defend their actions by the lack of serious or life-threatening

injuries. *See Wilkins v. Gaddy*, 130 S. Ct. at 1178-79; *McHenry v. Chadwick*, 896 F.2d 184, 187 (6th Cir. 1990). By the same token, if the objective component of the Eighth Amendment is to mean anything, it cannot be satisfied by a mere unwanted touching. "[N]ot every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins v. Gaddy*, 130 S. Ct. at 1178; *Walters v. Corrections Corp. of Am.*, 119 F. App'x 190, 192-93 (10th Cir. 2004); *Hampton v. Alexander*, No. 95-3457, 1996 WL 40237, at * 1 (6th Cir. Jan. 31, 1996); *Norman v. Taylor*, 25 F.3d 1259, 1262-63 (4th Cir. 1994) (*en banc*).

Viewing the evidence in the light most favorable to plaintiff, he suffered three unwanted touchings, once while he was being searched after meeting with a visitor and twice before he was allowed to enter the prison's chow hall. This does not suffice to support his claims against defendants under the Eighth Amendment's Cruel and Unusual Punishments Clause. *See Tuttle v. Caroll County Detention Center*, Civ. Action No. 3:10-12, 2010 WL 2228347, at * 1-2 (E.D. Ky. June 10, 2010)(collecting cases). Searches are a routine part of prison life. *See Crump v. Curtis*, 50 F. App'x 217, 218 (6th Cir. 2002). Prisoners have no Fourth Amendment rights against being searched. *See Hudson v. Palmer*, 468 U.S. 517, 527-28 (1984). Prisoners are often subjected to searches in prison areas where there is a danger that weapons may be used or contraband exchanged. *See e.g.*, *Overton v. Bazetta*, 539 U.S. 126, 134 (2003) ("Drug smuggling and drug use in prison are intractable problems."); *Fuqua v. Straub*, No. 08-12956, 2009 WL 2602427, at * 2 (E.D. Mich. Aug. 19, 2009) ("On the morning of June 5, 2005, an incident occurred outside the dining hall at ECF involving a fight and stabbing that had been planned by gang members."). Unfortunately, prison guards are required to search around an inmate's groin area, as this is a favored spot for secreting dangerous contraband. Plaintiff presented no evidence that he suffered injury or required medical

attention after any of the challenged searches. I find that plaintiff has not presented evidence on which a reasonable trier of fact could find in his favor on the objective component of an Eighth Amendment claims.[4]

Plaintiff falls short of satisfying the subjective component. One factor the court can look to in determining whether the defendants' use of force could plausibly have been thought necessary is the extent of injury suffered by the inmate. *Wilkins v. Gaddy*, 130 S. Ct. 1178; *Hudson*, 503 U.S. at 7; *see Lockett v. Suardini*, 526 F.3d 866, 875 (6th Cir. 2008). Thorough searches are a necessity in the prison context, and plaintiff suffered no injury. No reasonable trier of fact could find on the present record that defendants acted maliciously and sadistically for the purpose of causing plaintiff serious harm. *See Hudson*, 503 U.S. at 7. I find that defendants are entitled to judgment in their favor as a matter of law on plaintiff's Eighth Amendment claims.

3. Due Process

Plaintiff states that Officer Fockler damaged his personal property. This is not a claim of constitutional dimension. It is well established that a state prisoner asserting a procedural due-process claim arising from a random and unauthorized act of a state officer must first plead and prove the absence of an adequate state remedy. *See Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986); *Stanley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010); *Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995). If an adequate post-

---

[4]Plaintiff's claim that defendant Fockler used offensive language fails to state a federal constitutional claim. Use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d at 546 (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits).

deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984).[5] The Sixth Circuit recognizes that Michigan's available post-deprivation remedies are more than adequate to compensate plaintiff for any loss of personal property suffered as a result of defendant Fockler's alleged actions. *See Copeland v. Machulis*, 57 F.3d at 479; *see also Carlton v. Jondreau*, 76 F. App'x 642, 643 (6th Cir. 2003). I find that defendant Fockler is entitled to judgment in his favor as a matter of law on plaintiff's Due Process Clause claim.

**Recommended Disposition**

For the foregoing reasons, I recommend that defendants' motion for summary judgment (docket # 17) be granted. An order implementing this recommendation should be entered. I further recommend that a separate and final judgment be entered in defendants' favor on all plaintiff's claims.

Dated: July 1, 2010                  /s/ Joseph G. Scoville
                                                      United States Magistrate Judge

---

[5]Numerous state post-deprivation remedies were available to plaintiff. A prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. *See* MICH. COMP. LAWS § 600.6419(1). Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MICH. COMP. LAWS § 600.6419(1)(a).

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).